# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-569V

| |
|---|
| Sonya F. Smith, *as Administrator of the Estate* of KATHY FRYE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. |

Chief Special Master Corcoran

Filed: November 7, 2025

*Chellis Garcia, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On May 24, 2022, Kathy Frye[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"), alleging that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of an influenza ("flu") vaccine received on October 2, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 7, 2025, Respondent filed a proffer on award

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Ms. Frye died of an unrelated cause on April 2, 2025, and Sonya F. Smith, Administrator of the Estate of Kathy Frye, was substituted as Petitioner in this claim. ECF No. 36.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of compensation ("Proffer") indicating Petitioner should be awarded $105,000.00 for past pain and suffering and $1,558.08 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $106,558.08 (representing $105,000.00 for past pain and suffering and $1,558.08 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

SONYA FRYE SMITH, *as administrator of the estate of* KATHY FRYE,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

No. 22-569V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER OF DAMAGES

On May 24, 2022, Kathy Frye ("Ms. Frye" or "decedent") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration, following the administration of an influenza vaccine she received on October 2, 2019. *See* Petition at 1, 3. On October 26, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating this case was not appropriate for compensation. ECF No. 23.

On April 2, 2025, Ms. Frye died of causes unrelated to her vaccine injury claim. *See* Exhibit 15 (death certificate). Her daughter, Sonya Frye Smith, was named the administrator of her estate under the laws of the State of North Carolina, and substituted as the petitioner in this case on August 26, 2025. *See* ECF No. 34, 36; Exhibit 16 (letters of administration).

On October 9, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation. ECF No. 39.[1]

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$105,000.00** in past pain and suffering, as legal representative of Ms. Frye's estate. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that Ms. Frye incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$1,558.08**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/ Recommended Payment

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's October 9, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

2

A lump sum payment of **$106,558.08** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Sonya Frye Smith, as legal representative of the Estate of Kathy Frye.

Petitioner agrees.[2]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ *James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date: November 7, 2025

---

[2] If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to respondent.